UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| CENTER FOR ALTERNATIVE | ) Case No. 23-12482-JGR |
| MEDICINE, PLLC, | ) Chapter 11 |
| | ) |
| | ) (Subchapter V) |
| Debtor. | ) |
| | ) |
| PAWNEE LEASING CORPORATION, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| CENTER FOR ALTERNATIVE | ) |
| MEDICINE, PLLC, | ) |
| | ) |
| Respondent. | ) |

---

## MOTION FOR RELIEF FROM AUTOMATIC STAY

---

COMES NOW, the Movant Pawnee Leasing Corporation (hereinafter referred to as "Movant"), by and through its counsel, Harry L. Simon, P.C. and moves this Court for relief from the automatic stay as follows:

1.  The Debtor herein filed its Chapter 11 proceeding with this Court on or about June 7, 2023.

2.  The Debtor is a Debtor in Possession of its assets.

3.  On or about March 19, 2020, the Debtor entered into an Equipment Finance Agreement with Tandem Finance, Inc.  A copy of the Equipment Finance Agreement is attached hereto as Exhibit "A".

4.  Pursuant to the terms of the Equipment Finance Agreement, Tandem Finance, Inc. agreed to finance the purchase an Upgrade EMsella Chair, on behalf of the Debtor.

5.  The Debtor agreed to make sixty-six (66) monthly payments to Tandem Finance, Inc.

6.     Thereafter, for valuable consideration, Tandem Finance, Inc. assigned all of its rights and interest in the Equipment Finance Agreement to Movant.

7.     A copy of the Assignment is attached hereto as Exhibit "B".

8.     The Movant took a first lien in subject finance Upgrade EMsella Chair.

9.     A copy of the duly recorded UCC Financing Statement is attached hereto as Exhibit "C".

10.     At all relevant times, the Movant held a first interest in the financed Upgrade EMsella Chair.

11.     Attached hereto as Exhibit "D" is a copy the Payment History.

12.     Said Equipment Finance Agreement is currently in default.

13.     Debor owes Movant pre-Petition arrearages in the amount of $4,201.66.

14.     The Debtor owes Movant the sum of $54,462.23 as a result of its breach of the Equipment Finance Agreement.

15.     The value of the subject collateral is approximately $8,500.00.

16.     The Debtor does not have any interest or equity in the financed equipment.

17.     That the Debtor is continuing to use the finance equipment and same is depreciating in value.

18.     The financed equipment is not necessary for the debtor to reorganize its business affairs.

19.     On or about December 13, 2021, Tandem Finance, Inc. and the Debtor entered into a 2nd Equipment Finance Agreement.  A copy of the 2nd Equipment Finance Agreement is attached hereto as Exhibit "E".

20.     Pursuant to the terms of the 2nd Equipment Finance Agreement, Tandem Finance, Inc. financed the purchase of a Ensculpt NEO with Small RF+HIFEM applicators and EXLIS ULTRA System on behalf of the Movant.

21.     The Debtor agreed to repay Tandem Finance, Inc. by making sixty-six (66) monthly payments.

22.     Thereafter, Tandem Finance, Inc. assigned all of its rights and interests in the 2nd Equipment Finance Agreement to Movant.

23.     A copy of the Assignment is attached hereto as Exhibit "F".

24.     The Movant filed a UCC Financing Statement recording its first lien interest in the financed equipment with the Colorado Secretary of States Office.

25.     A copy of the duly executed UCC Financing Statement is attached hereto as Exhibit "G"

26.     Attached hereto as Exhibit "H" is a copy of the Payment History.

27.     The Debtor has filed to make its monthly payments to Movant.

28.     As a result thereof, the Debtor has breached the 2nd Equipment Finance Agreement.

29.     The pre-Petition arrearages were $18,822.35.

30.     The payoff on the subject 2nd Equipment Finance Agreement is $255,350.84.

31.     The value of the financed equipment is approximately $67,000.00.

32.     Neither the Debtor nor its estate have any equity in the financed equipment.

33.     That the financed equipment is not necessary for the Debtor to reorganize its business affairs.

34.     The Debtor continues to use the Movants collateral and same is depreciating in value.

35.     Pursuant to §361 of the United States Bankruptcy Code, the Movant prays for Relief From Stay so that it can retain possession of the financed equipment, together with such other and further relief as this Court deems just and proper.

WHEREFORE, the Movant Pawnee Leasing Corporation prays that this Court enter an Order granting relief from the automatic stay from the Debtor on the financed equipment described in paragraphs 4 and 20 above and that Movant be granted such other and further relief as this Court deems just and proper.

DATED at Denver, Colorado, this ___ day of November 2023.

Respectfully submitted,

HARRY L. SIMON, PC

By: /s/ *Harry L. Simon*
Harry L. Simon (No. 7942)
Attorneys for Movant Pawnee Leasing Corporation
10200 East Girard Avenue
Building B, Suite 120
Denver, Colorado 80231
(303) 758-6601

## **VERIFICATION**

STATE OF COLORADO                    )
                                     ) ss.
CITY AND COUNTY OF DENVER            )

I, Harry L. Simon, being duly sworn, depose and state:

That I am counsel for the Movant, Pawnee Leasing Corporation, in this matter. That I have read the foregoing Motion for Relief From Stay and believe to the best of my knowledge that the statements contained herein are true.

_____
Harry L. Simon

Subscribed and sworn to before me this ___13th___ day of November, 2023.

_____
Notary Public

CAROLINE S. REPAIR
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19954005082
MY COMMISSION EXPIRES MAY 7, 2027

NOTICE: This is a legal commitment representing indebtedness. You will be required to pay taxes, fees and other charges in addition to Payments. Some charges are in amounts greater than our actual costs, risks or exposure.

## EQUIPMENT FINANCE AGREEMENT

**Tandem Finance Inc 25700 Interstate 45 Suite 4084 The Woodlands TX, 77386 (Lender)**

### Complete Legal Name, if a corporation, use exact registered corporate name

| | | | |
|---|---|---|---|
| Company Name: | Center for Alternative Medicine, PLLC | | Contract # 375198 |
| State of Formation: | Colorado | Billing Address: | 2505 Kachina Dr |
| Federal ID #: | 46-1990370 | | Pueblo, CO  81008 |
| Land/Mobile Phones: | ~~719-511-2000~~ | County: | |

### EQUIPMENT DESCRIPTION (Include VENDOR Name and Address, Quantity, Make, Model and Serial Numbers): See Attached Schedule "A"

Equipment Location:  2505 Kachina Dr
Pueblo  CO 81008

### SCHEDULE OF PAYMENTS

| | | | |
|---|---|---|---|
| Payment (plus any taxes): | See Schedule B | Term of Agreement (in months): | See Schedule B |
| Total Number of Payments: | See Schedule B | Advance Payment (# Advance Payments 0): | $0.00 |
| Administration Fee: | $185.00 | Total Initial Payment (Advance Payment + Adm. Fee): | $185.00 |

(Borrower hereby authorizes Lender to adjust the payments by no more than 10% to reflect actual final costs, including additional sales taxes, delivery and installation charges and cost increases due to alternations requested by the Borrower)

**DO NOT SIGN THIS AGREEMENT UNLESS YOU UNDERSTAND AND AGREE TO ALL OF ITS TERMS (INCLUDING PAGE 2-3).**

Borrower: Center for Alternative Medicine, PLLC                    Accepted by Lender: Tandem Finance Inc

| | | | | | |
|---|---|---|---|---|---|
| *Theodore Davis* | Managing member | 3/17/2020 | *Wayne Woolley* | COO | 3/19/2020 |
| Signature | Title | Date | Signature | Title | Date |

### GUARANTY

For the purpose of this Guaranty "you" means the undersigned guarantors. You have an interest in the Borrower named above ("Borrower"). You agree that we would not enter into the Agreement without this Guaranty. You jointly and severally unconditionally guaranty the full and prompt payment and performance of all Borrower's obligations under the Agreement even if we change or renew the Agreement, or if any payments made by Borrower are rescinded or voided due to the insolvency, bankruptcy or reorganization, as if the payment had not been made. We do not have to notify you if the Borrower is in default under the Agreement. If Borrower defaults, you will immediately pay in accordance with the default provisions of the Agreement all obligations due thereunder.  You agree that you will not be released or discharged if we: (i) fail to perfect a security interest in the Equipment or any other property that secures the obligations of Borrower or any of you ("Collateral"); (ii) fail to protect the Collateral; or (iii) abandon or release any Collateral.  You agree that we do not have to proceed first against Borrower, any Collateral or any other guarantor.  You waive notice of acceptance of this Guaranty and of all other notices or demands and suretyship defenses of any kind. You will reimburse us for all expenses we incur in enforcing your rights against Borrower or any of you, including without limitation attorneys' fees and costs.  You authorize us to obtain credit bureau reports for credit and collection purposes and to report your performance to any credit bureau or similar entity including reports of past due or otherwise delinquent payments under this Guaranty. This is an irrevocable, continuing Guaranty and binds your heirs, administrators and representatives.  You authorize us to communicate with you through electronic means, including emails and/or text messages to your cellular telephone number or other wireless device, which you recognize may result in your incurring access or other fees. We are not obligated to communicate with you in this manner and you may not give any notice to us electronically.  YOU AGREE THAT THE AGREEMENTS REGARDING JURISDICTION, VENUE AND SERVICE OF PROCESS AND INTENT TO CONTRACT ELECTRONICALLY CONTAINED IN THE AGREEMENT APPLY TO THIS GUARANTY. YOU WAIVE, INSOFAR AS PERMITTED BY LAW, TRIAL BY JURY.

**DO NOT SIGN THIS GUARANTY UNLESS YOU UNDERSTAND AND AGREE TO ALL OF ITS TERMS AND THE TERMS OF THE AGREEMENT (INCLUDING PAGE 2-3).**

Guarantor: Theodore Davis                              Guarantor:

| | | |
|---|---|---|
| *Theodore Davis* | 3/17/2020 | |
| Signature | Date | Signature | Date |
| Social Security: ###-##-3678    Phone: | | Social Security:    Phone: |
| Home Address: 730 Sableglen Ct Colorado Springs, CO  80906 | | Home Address: |

**EXHIBIT**

A

## TERMS AND CONDITIONS

**1. Equipment Finance Agreement; Payments; Term:** WE (lender) will advance to YOU (borrower), directly or by payment to the vendor of the Equipment (the "Vendor"), funds in order for you to purchase the equipment described (together with upgrades, attachments and replacements, the "Equipment") on page 1 and on the terms and conditions stated herein and on page 3, Schedule "A", and any and all Addenda if we are satisfied that you have accepted the Equipment and have satisfied all other conditions. One of your officers or other representatives will be asked to confirm your acceptance of the Equipment, meaning that it is satisfactory to you, by telephone or other means. This confirmation will be binding on you and we will rely on it in making the advance. You unconditionally promise to repay the amount we advance, to us or our successors or assigns, with interest, by paying to us the Payments for the number of months set forth above along with all other amounts required under the terms of this Agreement. Payments are due in advance, at our option on either the first (1st) or fifteenth (15th) day of each calendar month. The first Payment is due on the date we specify that occurs on or after the date we advance any funds and the remaining Payments will be due on the same day of each month. You will also pay an amount equal to 1/30th of the monthly Payment, multiplied by the number of days between the date we first advance funds and the date of your first Payment, which you agree includes interest and a fee for early funding and deferral of payment date. You may not prepay any payment or other amount, except that if you are not in default you may terminate this Agreement on any Payment date by paying all amounts then due (including accrued taxes) together with all unpaid Payments for the remaining Term discounted to present value at 4% per annum. The term of this Agreement (the "Term") shall commence on the date this Agreement is accepted in writing by us and, provided you have successfully performed all of your duties and obligations hereunder, the Term shall end after you have paid the total number of Payments in accordance with the terms hereof. We may choose to collect the Administration Fee with your first payment. If we do, it will be included in the Total Initial Payment. If this Agreement is not finalized other than due to our wrongful action, you agree that we may, at our option, retain the Advance Payment and Administration Fee as liquidated damages. Your Advance Payment will not earn interest. If Advance Payment is indicated above, the Advance Payment shall be applied first to the first Payment due hereunder and any additional Advance Payment shall be applied to the last Payments due under this Agreement, in reverse order. Any calculation involving Payments will be increased by taxes on the Payment(s).

**2. Disclaimers of Warranties; Limitation of Remedies:** WE MAKE NO (AND DISCLAIM ALL) WARRANTIES EITHER EXPRESS OR IMPLIED AS TO THE CONDITION OF THE EQUIPMENT, ITS MERCHANTABILITY, ITS FITNESS FOR SUITABILITY FOR ANY PARTICULAR PURPOSE, ITS DESIGN, ITS CAPACITY, ITS QUALITY, OR WITH RESPECT TO ANY CHARACTERISTICS OF THE EQUIPMENT. Do not accept the Equipment unless you have inspected the Equipment and it is in good condition and satisfactory to you AS IS WHERE IS and with all faults. You agree that your obligations under this Agreement are ABSOLUTE AND UNCONDITIONAL and you agree to pay and perform your obligations hereunder without offset, counterclaim or defense, all of which are hereby waived to the fullest extent permitted by law. Neither the vendor nor any salesman is our agent or authorized to waive or alter any term or condition of this Agreement. No representations as to the Equipment or any other matter by the vendor or salesman effect your obligations to us.

**3. Additional Waivers:** You waive to the fullest extent permitted by law: (a) all rights of exemption of property from levy or sale under execution or other process for the collection of debts under the Constitution or laws of the United States or any state thereof, (b) demand, presentment, protest, notice of dishonor, notice of protest, notice of nonpayment, diligence in collection, notice of acceleration, notice of intent to accelerate, notice of sale or intent to sell or notice of demand, diligence in collecting, grace, and all other notices, rights, requirements or formalities of any kind necessary to charge or hold you or any other person, primarily liable on any obligations hereunder; and (c) any further receipt for or acknowledgment of any Collateral now or hereafter deposited as security for the obligations hereunder.

**4. Security Interest:** As security for your obligations hereunder, you grant to us a first priority security interest in the Equipment, all additions, attachments, accessories and accessions to it, all general intangibles relating to the Equipment and all proceeds thereof, as well as any other Collateral you provide to us, effective when you obtain any rights in the Equipment and until all your obligations are satisfied and cannot be recaptured or rescinded.

**5. Use/Assignment:** You will: use the Equipment only in the conduct of your business in a careful and proper manner and only for commercial or business purposes and not for personal, family, household, consumer or agricultural purposes; maintain the Equipment in the same condition as when delivered, subject only to reasonable wear and tear; replace any damaged parts; not make any alterations to the Equipment without our prior written consent. All additional replacements, parts, or accessories immediately become subject to our security interest in the Equipment. The Equipment cannot be removed without our prior written consent. We may inspect the Equipment during normal business hours. You may not assign your rights under this Agreement or lend or lease the Equipment. We may assign our rights without notice and our assignee will not be subject to any defense or claim you have against us.

**6. Late Payment/Other Charges:** If you fail to pay any Payment or other amount on its due date, you will pay a late payment fee equal to 15% of the delinquent Payment or other amount. You will also pay interest calculated from the due date at the rate of 24% percent per annum or the maximum interest rate permitted by Colorado law, whichever is lower. You will pay a $30 fee if a check or ACH payment is returned unpaid. You must notify us 15 business days prior to changing your ACH bank or pay a $110 fee. There are fees of $30 for single or $55 for a permanent change if you request a change in Payment dates. If we engage an attorney or collection agency to collect any amount you will pay collection fees. On expiration or earlier termination of this Agreement you will pay a termination fee of $95.00.

**7. Loss, Damage, and Indemnification:** If any Equipment is lost, stolen, destroyed, damaged beyond repair, or otherwise rendered permanently unfit for use, you will promptly pay the remaining Payments discounted to present value at 4% per annum, together with any other amounts then due hereunder. You agree to defend, indemnify and hold us harmless from all liability, claims, damages, or other losses, including costs and reasonable attorneys' fees, arising out of or in any manner connected with this Agreement or the Equipment.

Initials

TD

Theodore Davis

**8. Taxes and Fees:** You will promptly reimburse us for and hold us harmless against all state, federal, and other fees, assessments, charges and taxes (including penalties and interest but excluding taxes on our taxable income), which now or hereafter may be imposed on or with respect to this Agreement, the Equipment, or amounts payable hereunder. You authorize us, at our election to file personal property and other tax returns with respect to the Equipment and this Agreement. You will pay a tax-filing fee of $55.00 for each tax return filed with regard to the Equipment. Upon expiration, termination, or a default under this Agreement, you will pay 2% of the estimated taxes for any assessed but unpaid taxes and other post closing costs we may incur. At the end of the Term, you will pay a termination fee of $95.00.

**9. Insurance:** You will maintain: physical damage (property) insurance for the sum of all Payments due and to become due or replacement value, whichever is higher, naming us as a "Loss Payee" on a "Lender's Loss Payable" endorsement. You must provide us with written evidence of effective insurance on an ACORD 23 or equivalent document within 30 days of our request. If you do not provide evidence of required insurance to us when due, we may, but have no obligation to, obtain insurance from an insurer of our choosing in such forms and amounts as we deem reasonable to protect our interests ("Equipment Insurance"). Equipment insurance covers the equipment, us and our interests only; Equipment insurance does not name you as an insured or loss payee. You agree to pay us periodic charges for Equipment Insurance ("Insurance Charges"), any portion of which may generate a profit to us and/or our agents, and which include: premiums that may be higher than the premiums for required insurance if you maintained required insurance separately; administration fees and experience based premium refund credits that may not be shared with Borrower; and a finance charge on any premium advances made by or on our behalf, that will not exceed the maximum lawful interest rate under applicable law. After our receipt of evidence of required insurance, your Insurance Charge payment obligation will cease. You agree to arbitrate any dispute with us or with our agents regarding Equipment Insurance or Insurance Charges under the rules of the American Arbitration Association in Larimer County, Colorado; that arbitration shall be the exclusive remedy for such disputes; and that class arbitration is not permitted. This arbitration requirement does not apply to any other provision of this Agreement.

**10. Title/UCC/Power of Attorney:** You will own and have title to the Equipment, subject to our security interest. You will keep the Equipment free and clear from liens and security interests of all kinds. You appoint us attorney-in-fact to file UCC financing statements; to take any other actions we deem necessary or desirable to protect our interest; and to correct information entries in this Agreement.

**11. Default:** It will be an event of default if: (a) you fail to pay a Payment or any sum on its due date; (b) you fail to perform any other agreement in this Agreement or any other agreement with us; (c) you or any guarantor dies, becomes insolvent, merges, consolidates, or suffers a deterioration of financial health; or (d) you or any guarantor file or have filed against you that a petition for reorganization, liquidation, or similar relief under the federal bankruptcy laws, or a trustee or receiver is appointed over your or its assets. Upon an event of default you owe us: (a) the amount of all accrued unpaid Payments and other amounts payable under this Agreement; plus (b) the amount of all unpaid Payments for the remaining Term of this Agreement discounted to present value from the date due at the rate of 4% per annum. In addition, we may disable or foreclose on, sell or lease the Equipment as permitted by law. You will also pay interest on any unpaid damages at the lower of 24% per year or the maximum rate permitted by applicable law. We may proceed by court action to enforce our rights. You will owe all costs and expenses, including legal fees, collection fees or commissions, travel, or any other cost we incur enforcing our remedies. No remedy given in this paragraph is intended to be exclusive, and each shall be cumulative. These remedies are in addition to any other permitted at law or in equity.

**12. Miscellaneous:** If you give us other collateral to secure your obligations, our rights will be the same as to the Equipment. This is a security agreement and not a lease under the Uniform Commercial Code as adopted by the State of Colorado (the "UCC"). Any interest collected under this Agreement will not exceed the highest amount permitted by applicable law and any overcharge will be refunded. We may report your performance to any national credit bureau and access business and consumer credit bureau reports for credit and collection purposes. Captions are intended for convenience of reference only and shall not alter the text. This Agreement contains the entire agreement between the parties and may not be amended except in writing by one of our executive officers. Your agreements shall survive expiration or termination of this Agreement. You agree to perform additional acts we request to protect our interests. Any notice to us must be in writing and must be delivered by U.S. Mail, Return Receipt Requested or another means generating a written receipt. You authorize us to communicate with you through electronic means, including emails and/or text messages to your cellular telephone number or other wireless device, which you recognize may result in your incurring access or other fees. We are not obligated to communicate with you in this manner and you may not give any notice to us electronically. Time is of the essence of this Agreement. This Agreement shall be binding upon and shall inure to the benefit of each party's successors and assigns (subject to paragraph 5). It is the intention of the parties that the Equipment shall remain personal property and not be a fixture even if affixed to real property. This Agreement shall be governed by the laws of Colorado. You agree that legal actions may only be brought in the state or federal courts in Larimer County, Colorado, except that we may file any action where the equipment is or has been located at any time. You waive objection to venue and agree to accept service of process at your (the Borrower's) Billing Address on Page 1. You hereby waive, insofar as permitted by law, trial by jury. This Agreement may be executed, communicated, and retained electronically and a facsimile or other electronic version shall be admissible. For purposes of perfecting a security interest in chattel paper by possession, only the counterpart of this Agreement that bears our (lender's) manually-applied "wet ink" signature constitutes chattel paper. The electronic counterpart of this Agreement stored under our control shall be the authoritative copy under U.C.C. 9-105. To the extent this Agreement is electronic chattel paper, no security interest may be created or perfected and no assignment effective except through control of such authoritative copy. You will have access to the authoritative copy for purposes of making a duplicate. Any officer/owner/partner executing this document hereby affirms that all your shareholders/owners/partners have been identified to us in writing.

## If you request in writing we will send you a copy of this Agreement in larger type.

Initials

Theodore Davis

**EFA Schedule "A"**   Contract #: 375198

## EQUIPMENT

| Quantity | Equipment Description | Serial # | Supplier Name and Contact |
|---|---|---|---|
| 1 | Upgrade EMsella Chair Only | A799.001UPG-U2 | BTL Industries, Inc |
| | | | 362 Elm Street · |
| | | | Marlborough, MA 01752 866-285-1656 |

## AUTHORIZATION AGREEMENT FOR AUTOMATIC WITHDRAWAL

As a convenience to Borrower, by completing this section Borrower hereby authorizes Lender to initiate debit entries and to initiate, if necessary, credit entries and adjustments for any debit entries in error to the account indicated below (the "Account") with the bank named below (the "Bank") for all amounts due under the referenced Equipment Finance Agreement (the "EFA"), including without limitation, the Total Initial Payment shown on page 1 of the EFA and all Payments, late fees, taxes, non-sufficient funds charges, reimbursements and other amounts due under the EFA. Borrower further authorizes Lender or any such designee to deliver a copy of this Addendum to the Bank as evidence of Borrower's authorization. Borrower reaffirms the account is a commercial account in the name of the Borrower.

Name on Account: Center for Alternative Medicine

Bank Name: ENT                                      Phone:

Commercial Checking Account Number: 1000604699100

Transit / ABA Number (lower left corner of check, 9 digits): 307070005

This authority is to remain in full force and effect until Lender and the Bank have received written notification from Borrower of its termination in such time and in such manner as to afford Lender and the Bank a reasonable opportunity to act on it, it expressly being understood that a minimum of 15 business days is required. Borrower represents, warrants, covenants and agrees that, until all of its obligations under the EFA are satisfied in full: (a) the account identified by account name, account number and bank name and address that is shown on the face of the voided check that Borrower provides to Lender by attaching to this Addendum is the Account set forth above; (b) Borrower will maintain the Account in good standing with the Bank throughout the term of the EFA, except as provided herein; and (c) Lender or its designee may, at any time and from time to time, issue a pre-notification to the Bank with respect to such Account.

## TOTAL INITIAL PAYMENT

Borrower agrees to pay and authorizes Lessor to debit the Account for the "Total Initial Payment" ("TIP") shown in the Schedule of Payments on Page 1 of the EFA immediately upon execution of the EFA and this Agreement by Borrower, whether or not prior to EFA commencement, delivery or acceptance of the equipment or funding by Lessor. If the TIP is not paid to Lessor by Borrower's bank for any reason, Lessor may in its sole discretion cancel the EFA and have no obligations under or with respect to the EFA. Borrower confirms that the Account is a commercial account in the name of the Borrower and contains ample funds to pay the TIP on the date Borrower executes this Agreement.

## CERTIFICATION OF BORROWER OWNERSHIP AND AUTHORIZATION

IMPORTANT: DO NOT SIGN AGREEMENT UNTIL THIS SECTION IS FILLED OUT. YOU (THE SIGNER, PERSONALLY AS WELL AS THE BORROWER) ARE RESPONSIBLE FOR THE CORRECTNESS OF THIS SECTION.

The person signing this agreement individually and in his/her capacity as an officer/owner of the Borrower and/or the Guarantor represents and warrants that (1) this agreement is duly executed and the equipment financed under this agreement will be used in the ordinary course of the business of the Borrower; (2) he or she has the legal right, power and authority to sign this agreement with all necessary authority from the managing member(s), directors, senior officers or other management of the Borrower and/or Guarantor and their shareholders, members, partners or other owners; (3) the following is a complete list of the owners of the Borrower and (4) the transaction is to the direct financial benefit of any Guarantor and good consideration for this guaranty:

| Name | Ownership % | Name | Ownership % |
|---|---|---|---|
| Theodore Davis | 100 | | |

## AUTHORIZATION

If this Addendum is executed by Borrower and thereafter sent to Lender by facsimile transmission, then such facsimile transmission shall, upon acceptance and execution by Lender in its offices, be admissible by Lender in its offices, as an original Addendum. Borrower agrees to promptly forward to Lender this Addendum with Borrower's manual signature thereon. DO NOT SIGN THIS SCHEDULE UNLESS YOU UNDERSTAND AND AGREE TO ALL OF ITS TERMS AND CONDITIONS.

| BORROWER: | LENDER: |
|---|---|
| Center for Alternative Medicine, PLLC | Tandem Finance Inc |
| *Theodore Davis* | *Wayne Woolley, COO* |
| Authorized Signer on behalf of Borrower and Guarantor | Authorized Signer |
| Theodore Davis | Wayne Woolley, COO |
| Print Name | Print Name |
| Managing member                          3/17/2020 | COO                                3/19/2020 |
| Title                             Date | Title                            Date |

V190208

DocuSign Envelope ID: B4D03D17-C71B-431B-9FC5-1364AF6CDF21

THIS IS A COPY
The Auth8ntic3ta-C2py of this record is held at 542.docusign.net

Contract #: 375198

## Schedule B

Date: 3/17/2020

Borrower: Center for Alternative Medicine, PLLC
Lender: Tandem Finance Inc

This addendum is made part of the lease agreement dated  between Lender and Borrower.  In consideration of the receipt by each party of good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party, the parties agree that whereas the Borrower desires to make the following changes to the above-mentioned lease agreement:

Contact Payments (1-6)          $99.00          Periodic Payment (Payments 7-66)          $1,856.88

## TERMS AND CONDITIONS

The Borrower hereby agrees to this change.  All other terms and conditions of the Agreement remain in full force and effect.

If this document is executed by you and thereafter sent to us by facsimile transmission, then until such time as we have received this addendum with your manual signature thereon, such facsimile transmission shall constitute, upon acceptance and execution by us in our offices, the original addendum and chattel paper and shall be admissible for all purposes as the original lease agreement.  You agree to promptly forward to us the addendum with your manual signature thereon and upon receipt by us, this addendum with your manual signature thereon shall constitute the chattel paper in lieu of such facsimile transmission.

## AUTHORIZATION

BORROWER: Center for Alternative Medicine, PLLC

*Theodore Davis*
Authorized Signor

Theodore Davis
Print Name

Managing member                    3/17/2020
Title                                              Date

LENDER: Tandem Finance Inc

*Wayne Woolley, COO*
Authorized Signor

Wayne Woolley, COO
Print Name

COO                                         3/19/2020
Title                                             Date

V190208

## ASSIGNMENT OF EFA

**Contract #**     375198

**Borrower**     Center for Alternative Medicine, PLLC

**Financed Equipment**     See Schedule "A of the assigned EFA

## TERMS AND CONDITIONS

FOR VALUE RECEIVED Tandem Finance Inc   (Assignor)  the receipt and sufficiency of which Assignor acknowledges does hereby sell  assign and transfer to **PAWNEE LEASING CORPORATION**  (Assignee)  Its successors and assigns the annexed equipment finance agreement (the  EFA')  any collateral agreement  any additional collateral in the form of stocks  bonds  certificates of deposit  any other agreement related to the EFA and the UCC-1 between Assignor  as lender  and the borrower Identified above  together with all of Assignor's rights, title and interest  and all ancillary rights in and to the equipment described therein  and all of the Assignor's rights and remedies thereunder  including  but not limited to  the right to collect any and all payments due and to become due thereon  the right to perfect any additional collateral or collateral agreement, and all monies due or to become due in connection with the exercise by the lessee of any option  if Assignor  in Assignee s name to take all proceedings  legal equitable or other  that Assignor might take  save for this assignment. The equipment in the assigned EFA is new unless otherwise disclosed and the consideration paid by Assignee does not include any service or other Item of value that has not been disclosed on the EFA or the invoice provided to Assignor  To the best of Assignor's knowledge all parties to the EFA were competent at the time of execution  there is no undisclosed agreement  concession or litigation of any nature affecting the EFA, and there are no valid defenses in law or equity to the EFA as it exists in the hands of the Assignee after this assignment. Assignor has full and perfect title to convey the EFA and equipment free of any encumbrance  lien or any other interest of third parties  the equipment which is the subject of the EFA has been shipped and installed in accordance with the EFA and on the dates specified  no condition exists that would permit the lessee to not pay the EFA payments in full and the Assignor is authorized to do business in the state of lessee's location  Assignor has provided Assignee all Information about the lessee  the equipment, the credit investigation  and the vendor that is known to Assignor  The terms and conditions of the EFA agreement shall survive this Assignment. The terms of this Assignment shall be binding upon the heirs and successors of the parties

I hereby assign to Pawnee Leasing Corporation, my purchase money security interest and any other rights in the equipment described in the EFA.  If we have made any payments to the vendor for the equipment (and not to the Borrower named above)  I represent that I have made this payment, on behalf of Pawnee and as its agent for this purpose only  and I request reimbursement for such payment.

If this Assignment is executed by Assignor and thereafter sent to Assignee by facsimile transmission  then until such time as Assignee  receives this Assignment with Assignor s manual signature thereon  such facsimile transmission shall constitute  upon signature by Assignee and designation as  Original' the original Assignment and chattel paper and shall be admissible for all purposes as the original Assignment.  Assignor agrees to promptly forward to Assignee the manually-signed Assignment and upon receipt by us the manually-signed Assignment shall constitute the chattel paper in lieu of such facsimile transmission

This Assignment has been made in and shall be construed in accordance with the laws of the State of Colorado  Any suits or actions for breach or enforcement of this Assignment shall be instituted and maintained in the state or federal courts sitting in Larimer County  State of Colorado and Assignor submits to the jurisdiction of such courts and waives any object to such jurisdiction and venue

## AUTHORIZATION

ASSIGNOR

_Wayne M. Woolley_ (signature)

Authorized Signer

Wayne Woolley, COO                                     12/13/21

Print Name Title                                             Date

Tandem Finance Inc.

Company

**EXHIBIT**

B

# iLien Cover Page

Date Printed:  03/20/2020

Debtor:
CENTER FOR ALTERNATIVE MEDICINE, PLLC
2505 Kachina Dr
Pueblo, CO  81008

lease num:  375198
REF2:
REF3:
REF4:
Ref5:
Ref6:
Ref7:
Law Firm Bill Code:

iLien File #:  74922793
Order Confirmation #:  74298839

UserID:  285755
UserName:  AMARILYS CASTRO DELOZIER
Number of Collateral Pages Attached:  1

Transaction Type:  Original
Jurisdiction:  CO, Secretary of State

Mail Address (Please send attachments to):
CT Lien Solutions
330 N. Brand Blvd Suite 700
Glendale, CA 91203
FAX: 818-662-4141



EXHIBIT

C

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Name: Wolters Kluwer Lien Solutions Phone: 800-331-3282 Fax: 818-662-4141

**B. E-MAIL CONTACT AT FILER (optional)**
uccfilingreturn@wolterskluwer.com

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**

Lien Solutions
P.O. Box 29071
Glendale, CA  91209-9071

74298839

COCO

File with: Secretary of State, CO

Lien Solutions
Representation of filing

**This filing is Completed**
File Number : 20202027686
File Date    : 20-Mar-2020

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| CENTER FOR ALTERNATIVE MEDICINE, PLLC | | | | | |

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
|---|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2505 Kachina Dr | Pueblo | CO | 81008 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
|---|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| C T Corporation System, as representative | | | | | |

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
|---|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 330 N Brand Blvd, Suite 700; Attn: SPRS | Glendale | CA | 91203 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:

This filing covers the following properties, assets and rights of Debtor, whether now owned or hereafter acquired (collectively the "Collateral"): (a) all personal property described below or on any exhibit attached hereto, which exhibit is incorporated by reference herein ("Specified Items"); (b) any and all additions, replacements, parts, or accessories to the Specified Items; (c) any rental, chattel paper, accounts, security deposits, relating to the Specified Items or the Agreement; and (d) all proceeds of any and all of the foregoing. In the event serial numbers, vehicle identification numbers or similar information is included below, on an exhibit attached hereto or otherwise in the description of Collateral, such information has been added by Secured Party to the best of its information in an effort to avoid confusion but is not intended to, and shall not, limit the above description of Collateral.

Collateral Equipment Exhibit attached

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
74298839

**FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)**

Prepared by Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282

The Authoritative Copy of this record is held at na2.docusign.n

# EFA Schedule "A"

## EQUIPMENT

Contract #: 375198

| Quantity | Equipment Description | Serial # | Supplier Name and Contact |
|---|---|---|---|
| 1 | Upgrade EMsella Chair Only | A799.001UPG-U2 | BTL Industries, Inc |
| | | | 362 Elm Street |
| | | | Marlborough, MA 01752 |
| | | | 866-285-1656 |

# Payment History
11/10/2023

Contract ID: 375198
Customer Name: CENTER FOR ALTERNATIVE MEDICIN
Address: 2505 Kachina Dr
Pueblo, CO 81008-1573
Start Date: 3/1/2020
Term: 66
Uninvoiced Rent Excluding Tax: $40,851.36

| Date | Description | Amount Financed / Charge | Invoice # | Due Date | Original Amount Due | Date Paid | Payment Method | Reference # | Amount Paid |
|---|---|---|---|---|---|---|---|---|---|
| 4/1/2020 | Payment | | 279638 | 4/1/2020 | $99.00 | 4/1/2020 | Check | ACH040124 | $99.00 |
| 5/1/2020 | Payment | | 279639 | 5/1/2020 | $99.00 | 5/1/2020 | Check | ACH050124 | $99.00 |
| 6/1/2020 | Payment | | 279640 | 6/1/2020 | $99.00 | 6/1/2020 | Check | ACH060124 | $99.00 |
| 6/25/2020 | ALI Insurance | | 855340 | 6/25/2020 | | | | nosscca | $99.00 |
| 7/1/2020 | Payment | | 279641 | 7/1/2020 | | | | | $169.36 |
| 7/27/2020 | ALI Insurance | | 972687 | 7/25/2020 | | | | | $99.00 |
| 8/9/2020 | Payment | | 972642 | 8/1/2020 | | | | | $169.36 |
| 8/25/2020 | ALI Insurance | | 972654 | 8/25/2020 | | | | | $99.00 |
| 9/1/2020 | Payment | | 279642 | 9/1/2020 | | | | | $99.00 |
| 9/25/2020 | ALI Insurance | | 972201 | 9/25/2020 | | | | | $169.36 |
| 10/1/2020 | Payment | | 279603 | 10/1/2020 | | | | | $99.00 |
| 10/26/2020 | ALI Insurance | | 629987 | 10/25/2020 | | | | | $169.36 |
| 11/2/2020 | Payment | | 279804 | 11/1/2020 | | | | | $1,856.88 |
| 11/25/2020 | ALI Insurance | | 976354 | 11/25/2020 | | | | | $169.36 |
| 12/1/2020 | Payment | | 279805 | 12/1/2020 | | | | | $1,856.88 |
| 12/28/2020 | ALI Insurance | | 747246 | 12/25/2020 | | | | | $1,856.88 |
| 1/4/2021 | Payment | | 279606 | 1/1/2021 | | | | | $1,856.88 |
| 1/25/2021 | ALI Insurance | | 9795503 | 1/25/2021 | | | | | $1,856.88 |
| 2/1/2021 | Payment | | 279607 | 2/1/2021 | | | | | $1,856.88 |
| 2/25/2021 | ALI Insurance | | 684791 | 2/25/2021 | $169.36 | 2/25/2021 | Conversion | 6 | $169.36 |
| 3/1/2021 | Payment | | 279608 | 3/1/2021 | $169.36 | 3/1/2021 | Check | 022556 | $169.36 |
| 3/25/2021 | ALI Insurance | | 884936 | 3/25/2021 | $169.36 | 3/25/2021 | Conversion | ACH030169 020555 | $169.36 |

EXHIBIT
D

# Payment History
11/10/2023

| Date | Type | Ref | Date | Method | Ref | Amount |
|---|---|---|---|---|---|---|
| 4/1/2021 | Payment | 279609 | 4/1/2021 | Check | ACH040155 | $1,856.88 |
| 4/26/2021 | All Insurance | 983894 | 4/26/2021 | Conversion | 042556 | $169.35 |
| 5/3/2021 | Payment | 279610 | 5/1/2021 | Check | ACH050555 | $1,856.88 |
| 5/25/2021 | All Insurance | 759857 | 5/25/2021 | Conversion | 052556 | $169.35 |
| 6/1/2021 | Payment | 279611 | 6/1/2021 | Check | ACH060155 | $1,856.88 |
| 6/25/2021 | All Insurance | 987388 | 6/25/2021 | Conversion | 062556 | $169.35 |
| 7/1/2021 | Payment | 279612 | 7/1/2021 | Check | ACH070155 | $1,856.88 |
| 7/26/2021 | All Insurance | 871348 | 7/26/2021 | Conversion | 072556 | $169.35 |
| 8/2/2021 | Payment | 279613 | 8/1/2021 | Check | ACH080255 | $1,856.88 |
| 8/25/2021 | All Insurance | 759169 | 8/25/2021 | Conversion | 082556 | $169.35 |
| 9/1/2021 | Payment | 279614 | 9/1/2021 | Check | ACH090155 | $1,856.88 |
| 9/27/2021 | All Insurance | 929927 | 9/25/2021 | Conversion | 092756 | $169.35 |
| 10/1/2021 | Payment | 279615 | 10/1/2021 | Check | ACH100155 | $1,856.88 |
| 10/25/2021 | All Insurance | 995418 | 10/25/2021 | Conversion | 102556 | $169.35 |
| 11/1/2021 | Payment | 279616 | 11/1/2021 | Check | ACH110155 | $1,856.88 |
| 11/29/2021 | All Insurance | 981653 | 11/25/2021 | Conversion | 112556 | $169.35 |
| 12/1/2021 | Payment | 279617 | 12/1/2021 | Check | ACH120155 | $1,856.88 |
| 12/27/2021 | All Insurance | 882734 | 12/27/2021 | Conversion | 122756 | $169.35 |
| 1/3/2022 | Payment | 279618 | 1/1/2022 | Check | ACH010355 | $1,856.88 |
| 1/25/2022 | All Insurance | 887404 | 1/25/2022 | Conversion | 012556 | $169.35 |
| 2/1/2022 | Payment | 279619 | 2/1/2022 | Check | ACH020155 | $1,856.88 |
| 2/25/2022 | All Insurance | 888427 | 2/25/2022 | Conversion | 022556 | $169.35 |
| 3/1/2022 | Payment | 279620 | 3/1/2022 | Check | ACH030155 | $1,856.88 |
| 3/25/2022 | All Insurance | 776760 | 3/25/2022 | Conversion | 032556 | $169.35 |
| 4/1/2022 | Payment | 279621 | 4/1/2022 | Check | ACH040155 | $1,856.88 |
| 4/25/2022 | All Insurance | 1011853 | 4/25/2022 | Conversion | 042556 | $169.35 |
| 5/2/2022 | Payment | 279622 | 5/2/2022 | Check | ACH050255 | $1,856.88 |
| 5/25/2022 | All Insurance | 897872 | 5/25/2022 | Conversion | 052556 | $169.35 |
| 6/1/2022 | Payment | 279623 | 6/1/2022 | Check | ACH060155 | $1,856.88 |
| 6/27/2022 | All Insurance | 672513 | 6/25/2022 | Conversion | 062759 | $169.35 |
| 7/1/2022 | Payment | 279624 | 7/1/2022 | Check | ACH070155 | $1,856.88 |

# Payment History

11/10/2023

| Date | Type | ID | Date | Amount | Date | Method | Reference | Amount |
|---|---|---|---|---|---|---|---|---|
| 7/25/2022 | ALL Insurance | 789794 | 7/25/2022 | $169.36 | 7/25/2022 | Conversion | 072556 | $169.36 |
| 8/1/2022 | Payment | 279525 | 8/1/2022 | $1,856.88 | 8/1/2022 | Check | ACH080156 | $1,856.88 |
| 8/25/2022 | ALL Insurance | 680419 | 8/25/2022 | $169.36 | 8/25/2022 | Conversion | 082556 | $169.36 |
| 9/1/2022 | Payment | 279526 | 9/1/2022 | $1,856.88 | 9/1/2022 | Check | ACH090156 | $1,856.88 |
| 9/26/2022 | ALL Insurance | 800955 | 9/26/2022 | $169.36 | 9/26/2022 | Conversion | 092656 | $169.36 |
| 10/3/2022 | Payment | 279527 | 10/1/2022 | $1,856.88 | 10/3/2022 | Check | ACH100556 | $1,856.88 |
| 10/25/2022 | ALL Insurance | 921552 | 10/25/2022 | $169.36 | 10/25/2022 | Conversion | 102556 | $169.36 |
| 11/1/2022 | Payment | 279528 | 11/1/2022 | $1,856.88 | 11/1/2022 | Check | ACH110156 | $1,856.88 |
| 11/28/2022 | ALL Insurance | 692281 | 11/25/2022 | $169.36 | 11/28/2022 | Conversion | 112856 | $169.36 |
| 12/1/2022 | Payment | 279529 | 12/1/2022 | $1,856.88 | 12/1/2022 | Check | ACH120156 | $1,856.88 |
| 12/27/2022 | ALL Insurance | 699430 | 12/25/2022 | $169.36 | 12/27/2022 | Conversion | 122756 | $169.36 |
| 1/3/2023 | Payment | 279530 | 1/1/2023 | $1,856.88 | 1/3/2023 | Check | ACH010356 | $1,856.88 |
| 1/25/2023 | ALL Insurance | 709471 | 1/25/2023 | $169.36 | 1/25/2023 | Conversion | 012556 | $169.36 |
| 2/1/2023 | Payment | 279531 | 2/1/2023 | $1,856.88 | 2/1/2023 | Check | ACH020156 | $1,856.88 |
| 2/27/2023 | ALL Insurance | 705572 | 2/25/2023 | $169.36 | 2/27/2023 | Conversion | 022756 | $169.36 |
| 3/1/2023 | Payment | 279532 | 3/1/2023 | $1,856.88 | 3/1/2023 | Check | ACH030156 | $1,856.88 |
| 3/27/2023 | ALL Insurance | 937475 | 3/25/2023 | $169.36 | 3/27/2023 | Conversion | 032756 | $169.36 |
| 4/11/2023 | Payment | 279533 | 4/1/2023 | $1,856.88 | 4/11/2023 | Check | ACH0411YC | $1,856.88 |
| 4/11/2023 | Return Fee | 716955 | 4/4/2023 | $30.00 | 4/11/2023 | Conversion | 0411YC | $30.00 |
| 4/11/2023 | ALL Insurance | 1059880 | 4/25/2023 | $169.36 | 4/11/2023 | Conversion | 0411YC | $169.36 |

$64,114.88

DocuSign Envelope ID: 6222F18E-D7B2-4CD3-92C1-7D929FD6E336

THIS IS A COPY
The Authoritative Copy of this record is held at na2.docusign.net

**TANDEM** FINANCE

NOTICE: This is a legal commitment representing indebtedness. You will be required to pay taxes, fees and other charges in addition to Payments. Some charges are in amounts greater than our actual costs, risks or exposure.

## EQUIPMENT FINANCE AGREEMENT

**Tandem Finance Inc 3801 Automation Way Suite 207 Fort Collins CO, 80525 (Lender)**

### Complete Legal Name, if a corporation, use exact registered corporate name

| | | | |
|---|---|---|---|
| Company Name: | Center for Alternative Medicine, PLLC | | Contract # 388254 |
| State of Formation: | Colorado | Billing Address: | 2505 Kachina Dr |
| Federal ID #: | 46-1990370 | | Pueblo, CO 81008 |
| Land/Mobile Phones: | 719-544-2009/ | County: | |

### EQUIPMENT DESCRIPTION (Include VENDOR Name and Address, Quantity, Make, Model and Serial Numbers): See Attached Schedule "A"

Equipment Location: 2505 Kachina Dr
Pueblo  CO 81008

### SCHEDULE OF PAYMENTS

| | | | |
|---|---|---|---|
| Payment  (plus any taxes): | See Schedule B | Term of Agreement (in months): | See Schedule B |
| Total Number of Payments: | See Schedule B | Advance Payment (# Advance Payments 0): | $0.00 |
| | | Total Initial Payment (Advance Payment + Adm. Fee): | $185.00 |
| Administration Fee: | $185.00 | | |

(Borrower hereby authorizes Lender to adjust the payments by no more than 10% to reflect actual final costs, including additional sales taxes, delivery and installation charges and cost increases due to alterations requested by the Borrower)

### DO NOT SIGN THIS AGREEMENT UNLESS YOU UNDERSTAND AND AGREE TO ALL OF ITS TERMS (INCLUDING PAGE 2-3).

| Borrower; Center for Alternative Medicine, PLLC | | | Accepted by Lender, Tandem Finance Inc |
|---|---|---|---|
| *Theodore Davis* | Member | 12/9/2021 | *Wayne Woolley* COO | 12/13/2021 |
| —11B1B45D78E429— | | | —EB3F20EEFCB74A2— | |
| Signature | Title | Date | Signature   Title | Date |

### GUARANTY

For the purpose of this Guaranty "you" means the undersigned guarantors. You have an interest in the Borrower named above ("Borrower"). You agree that we would not enter into this Guaranty. You jointly and severally unconditionally guaranty the full and prompt payment and performance of all Borrower's obligations under the Agreement even if we change or renew the Agreement, or if any payments made by Borrower are rescinded or voided due to the insolvency, bankruptcy or reorganization, as if the payment had not been made. We do not have to notify you if the Borrower is in default under the Agreement. If Borrower defaults, you will immediately pay in accordance with the default provisions of the Agreement all obligations due thereunder.  You agree that you will not be released or discharged if we: (i) fail to perfect a security interest in the Equipment or any other property that secures the obligations of Borrower or any of you ("Collateral"); (ii) fail to protect the Collateral or (iii) abandon or release any Collateral.  You agree that we do not have to proceed first against Borrower, any Collateral or any other guarantor.  You waive notice of acceptance of this Guaranty and of all other notices or demands and suretyship defenses of any kind.  You will reimburse us for all expenses we incur in enforcing your rights against Borrower or any of you, including without limitation attorneys' fees and costs.  You authorize us to obtain credit bureau reports for credit and collection purposes and to report your performance to any credit bureau or similar entity including reports of past due or otherwise delinquent payments under this Guaranty. This is an irrevocable, continuing Guaranty and binds your heirs, administrators and representatives.  You authorize us to communicate with you through electronic means, including emails and/or text messages to your cellular telephone number or other wireless device, which you recognize may result in your incurring access or other fees. We are not obligated to communicate with you in this manner and you may not give any notice to us electronically.   YOU AGREE THAT THE AGREEMENTS REGARDING JURISDICTION, VENUE AND SERVICE OF PROCESS AND INTENT TO CONTRACT ELECTRONICALLY CONTAINED IN THE AGREEMENT APPLY TO THIS GUARANTY. YOU WAIVE, INSOFAR AS PERMITTED BY LAW, TRIAL BY JURY.

**DO NOT SIGN THIS GUARANTY UNLESS YOU UNDERSTAND AND AGREE TO ALL OF ITS TERMS AND THE TERMS OF THE AGREEMENT (INCLUDING PAGE 2-3).**

| Guarantor: Theodore  Davis | | Guarantor: | |
|---|---|---|---|
| *Theodore Davis* | 12/9/2021 | | |
| —11B1B45D78E429— | | | |
| Signature | Date | Signature | Date |
| Social Security: ###-##-3678    Phone: | | Social Security:    Phone: | |
| Home Address: 2505 Kachina Dr  Pueblo , CO  81008 | | Home Address: | |



**EXHIBIT**
F

**TANDEM**
FINANCE

## TERMS AND CONDITIONS

**1. Equipment Finance Agreement; Payments; Term:** WE (lender) will advance to YOU (borrower), directly or by payment to the vendor of the Equipment (the "Vendor"), funds in order for you to purchase the equipment described (together with upgrades, attachments and replacements, the "Equipment") on page 1 and on the terms and conditions stated herein and on page 3, Schedule "A", and any and all Addenda if we are satisfied that you have accepted the Equipment and have satisfied all other conditions. One of your officers or other representatives will be asked to confirm your acceptance of the Equipment, meaning that it is satisfactory to you, by telephone or other means. This confirmation will be binding on you and we will rely on it in making the advance. You unconditionally promise to repay the amount we advance, to us or our successors or assigns, with interest, by paying to us the Payments for the number of months set forth above along with all other amounts required under the terms of this Agreement. Payments are due in advance, at our option on either the first (1st) or fifteenth (15th) day of each calendar month. The first Payment is due on the date we specify that occurs on or after the date we advance any funds and the remaining Payments will be due on the same day of each month. You will also pay an amount equal to 1/30th of the monthly Payment, multiplied by the number of days between the date we first advance funds and the date of your first Payment, which you agree includes interest and a fee for early funding and deferral of payment date. **YOU MAY NOT PREPAY ANY PAYMENT OR OTHER AMOUNT,** except that if you are not in default you may terminate this Agreement on any Payment date by paying all amounts then due (including accrued taxes) together with all unpaid Payments for the remaining Term discounted to present value at 4%. The term of this Agreement (the "Term") shall commence on the date this Agreement is accepted in writing by us and, provided you have successfully performed all of your duties and obligations hereunder, the Term shall end after you have paid the total number of Payments in accordance with the terms hereof. We may choose to collect the Administration Fee with your first payment. If we do, it will be included in the Total Initial Payment. If this Agreement is not finalized other than due to our wrongful action, you agree that we may, at our option, retain the Advance Payment and Administration Fee as liquidated damages. Your Advance Payment will not earn interest. If Advance Payment is indicated above, the Advance Payment shall be applied first to the first Payment due hereunder and any additional Advance Payment shall be applied to the last Payments due under this Agreement, in reverse order. Any calculation involving Payments will be increased by taxes on the Payment(s).

**2. Disclaimers of Warranties; Limitation of Remedies:** WE MAKE NO (AND DISCLAIM ALL) WARRANTIES, EITHER EXPRESS OR IMPLIED AS TO THE CONDITION OF THE EQUIPMENT, ITS MERCHANTABILITY, ITS FITNESS OR SUITABILITY FOR ANY PARTICULAR PURPOSE, ITS DESIGN, ITS CAPACITY, ITS QUALITY, OR WITH RESPECT TO ANY CHARACTERISTICS OF THE EQUIPMENT. Do not accept the Equipment unless you have inspected the Equipment and it is in good condition and satisfactory to you AS IS WHERE IS and with all faults. You agree that your obligations under this Agreement are ABSOLUTE AND UNCONDITIONAL and you agree to pay and perform your obligations hereunder without offset, counterclaim or defense, all of which are hereby waived to the fullest extent permitted by law. Neither the vendor nor any salesman is our agent or authorized to waive or alter any term or condition of this Agreement. No representations as to the Equipment or any other matter by the vendor or salesman effect your obligations to us.

**3. Additional Waivers:** You waive to the fullest extent permitted by law: (a) all rights of exemption of property from levy or sale under execution or other process for the collection of debts under the Constitution or laws of the United States or any state thereof, (b) demand, presentment, protest, notice of dishonor, notice of protest, notice of nonpayment, diligence in collection, notice of acceleration, notice of intent to accelerate, notice of sale or intent to sell or notice of demand, diligence in collecting, grace, and all other notices, rights, requirements or formalities of any kind necessary to charge or hold you or any other person or entity liable on any obligations hereunder; and (c) any further receipt for or acknowledgment of any Collateral now or hereafter deposited as security for the obligations hereunder.

**4. Security Interest:** As security for your obligations hereunder you grant to us a first priority security interest in the Equipment, all additions, attachments, accessories and accessions to it, all general intangibles relating to the Equipment and all proceeds thereof, as well as any other Collateral you provide to us, effective when you obtain any rights in the Equipment and until all your obligations are satisfied and cannot be recaptured or rescinded.

**5. Use/Assignment:** You will: use the Equipment only in the conduct of your business in a careful and proper manner and only for commercial or business purposes and not for personal, family, household, consumer or agricultural purposes; maintain the Equipment in the same condition as when delivered, subject only to reasonable wear and tear; replace any damaged parts; not make any alterations to the Equipment without our prior written consent. All additions, replacements, parts, or accessories immediately become subject to our security interest in the Equipment. The Equipment cannot be removed without our prior written consent. We may inspect the Equipment during normal business hours. You may not assign your rights under this Agreement or lend or lease the Equipment. We may assign our rights without notice and our assignee will not be subject to any defense or claim you have against us.

**6. Late Payment/Other Charges:** If you fail to pay any Payment or other amount on its due date, you will pay a late payment fee equal to 15% of the delinquent Payment or other amount. You will also pay interest calculated from the due date at the rate of 24% percent per annum or the maximum interest rate permitted by Colorado law, whichever is lower. You will pay a $30 fee if a check or ACH payment is returned unpaid. You must notify us 15 business days prior to changing your ACH bank or pay a $110 fee. There are fees of $30 for single or $55 for a permanent change if you request a change in Payment dates. If we engage an attorney or collection agency to collect any amount you will pay collection fees. On expiration or earlier termination of this Agreement you will pay a termination fee of $95.00.

**7. Loss, Damage, and Indemnification:** If any Equipment is lost, stolen, destroyed, damaged beyond repair, or otherwise rendered permanently unfit for use, you will promptly pay the remaining Payments discounted to present value at 4% per annum, together with any other amounts then due hereunder. You agree to defend, indemnify and hold us harmless from all liability, claims, damages, or other losses, including costs and reasonable attorneys' fees, arising out of or in any manner connected with this Agreement or the Equipment.

Initials

Theodore Davis

**8. Taxes and Fees:** You will promptly reimburse us for and hold us harmless against all state, federal, and other fees, assessments, charges and taxes (including penalties and interest but excluding taxes on our taxable income), which now or hereafter may be imposed on or with respect to this Agreement, the Equipment, or amounts payable hereunder. Upon expiration, termination, or a default under this Agreement, you will pay 2% of the estimated taxes for any assessed but unpaid taxes or other post closing costs we may incur.

**9. Insurance:** You will maintain: physical damage (property) insurance for the sum of all Payments due and to become due or replacement value, whichever is higher, naming us as a "Loss Payee" on a "Lender's Loss Payable" endorsement. You must provide us with written evidence of effective insurance on an ACORD 27 or equivalent document within 30 days of our request. If you do not provide evidence of required insurance to us when due, we may, but have no obligation to, obtain insurance from an insurer of our choosing in such forms and amounts as we deem reasonable to protect our interests ("Equipment Insurance"). Equipment Insurance covers the equipment, us and our interests only; Equipment Insurance does not name you as an insured or loss payee. You agree to pay us periodic charges for Equipment Insurance ("Insurance Charges"), any portion of which may generate a profit to us and/or our agents, and which include: premiums that may be higher than the premiums for required insurance if you maintained required insurance separately; administration fees and experience based premium refund credits that may not be shared with Borrower; and a finance charge on any premium advances made by or on our behalf, that will not exceed the maximum lawful interest rate under applicable law. After our receipt of evidence of required insurance, your Insurance Charge payment obligation will cease. You agree to arbitrate any dispute with us or with our agents regarding Equipment Insurance or Insurance Charges under the rules of the American Arbitration Association in Larimer County, Colorado; that arbitration shall be the exclusive remedy for such disputes; and that class arbitration is not permitted. This arbitration requirement does not apply to any other provision of this Agreement.

**10. Title/UCC/Power of Attorney:** You will own and have title to the Equipment, subject to our security interest. You will keep the Equipment free and clear from liens and security interests of all kinds. You appoint us attorney-in-fact to file UCC financing statements to take any other actions we deem necessary or desirable to protect our interest; and to correct information entries in this Agreement.

**11. Default:** It will be an event of default if: (a) you fail to pay a Payment or any sum on its due date; (b) you fail to perform any other agreement in this Agreement or any other agreement with us; (c) you or any guarantor dies, becomes insolvent, merges, consolidates, or suffers a deterioration of financial health; or (d) you or any guarantor file or have filed against you or a petition for reorganization, liquidation, or similar relief under the federal bankruptcy laws, or a trustee or receiver is appointed over you or its assets. Upon an event of default you owe us: (a) the amount of all accrued unpaid Payments and other amounts payable under this Agreement plus (b) the amount of all unpaid Payments for the remaining Term of this Agreement discounted to present value from the date due at the rate of 4% per annum. In addition, we may disable or foreclose on, sell or lease the Equipment as permitted by law. You will also pay interest on any unpaid damages at the lower of 24% per year or the maximum rate permitted by applicable law. We may proceed by court action to enforce our rights. You will owe all costs and expenses, including legal fees, collection fees or commissions, travel or any other cost we incur enforcing our remedies. No remedy given in this paragraph is intended to be exclusive, and each shall be cumulative. These remedies are in addition to any other permitted at law or in equity.

**12. Miscellaneous:** If you give us other collateral to secure your obligations, our rights will be the same as to the Equipment. This is a security agreement and not a lease under the Uniform Commercial Code as adopted by the State of Colorado (the "UCC"). Any interest collected under this Agreement will not exceed the highest amount permitted by applicable law and any overcharge will be refunded. We may report your performance to any national credit bureau and access business and consumer credit bureau reports for credit and collection purposes. Captions are intended for convenience or reference only and shall not alter the text. This Agreement contains the entire agreement between the parties and may not be amended except in writing by one of our executive officers. Your agreements shall survive expiration or termination of this Agreement. You agree to perform additional acts we request to protect our interests. Any notice to us must be in writing and must be delivered by U.S. Mail, Return Receipt Requested or another means generating a written receipt. You authorize us to communicate with you through electronic means, including emails and/or text messages to your cellular telephone number or other wireless device, which you recognize may result in your incurring access or other fees. We are not obligated to communicate with you in this manner and you may not give any notice to us electronically. Time is of the essence of this Agreement. This Agreement shall be binding upon and shall inure to the benefit of each party's successors and assigns (subject to paragraph 5). It is the intention of the parties that the Equipment shall remain personal property and not be a fixture even if affixed to real property. This Agreement shall be governed by the laws of Colorado. You agree that legal actions may only be brought in the state or federal courts in Larimer County, Colorado, except that we may file any action where the equipment is or has been located at any time. You waive objection to venue and agree to accept service of process at your (the Borrower's) Billing Address on Page 1. You hereby waive, insofar as permitted by law, trial by jury. This Agreement may be executed, communicated, and retained electronically, and a facsimile or other electronic version shall be admissible. For purposes of perfecting a security interest in chattel paper by possession, only the counterpart of this Agreement that bears our (lender's) manually-applied "wet ink" signature constitutes chattel paper. The electronic counterpart of this Agreement stored under our control shall be the authoritative copy under U.C.C. 9-105. To the extent this Agreement is electronic chattel paper, no security interest may be created or perfected and no assignment effective except through control of such authoritative copy. You will have access to the authoritative copy for purposes of making a duplicate. Any officer/owner/partner executing this document hereby affirms that all your shareholders/owners/partners have been identified to us in writing.

## If you request in writing we will send you a copy of this Agreement in larger type.

Initials

Theodore Davis

DocuSign Envelope ID: 6222F18E-D7B2-4CD3-92C1-7D929FD6E336

THIS IS A COPY
The Authoritative Copy of this record is held at na2.docusign.net

**TANDEM**
FINANCE

## EFA Schedule "A"

Contract #: 388254

### EQUIPMENT

| Quantity | Equipment Description | Serial # | Supplier Name and Contact |
|---|---|---|---|
| 1 | EMsculpt NEO with Small RF+HIFEM applicators | | BTL Industries, Inc |
| 1 | EXILIS ULTRA System | | |
| | | | 362 Elm Street |
| | | | |
| | | | Marlborough, MA 01752 |
| | | | 866-285-1656 |

### AUTHORIZATION AGREEMENT FOR AUTOMATIC WITHDRAWAL

As a convenience to Borrower, by completing this section Borrower hereby authorizes Lender to initiate debit entries and to initiate, if necessary, credit entries and adjustments for any debit entries in error to the account indicated below (the "Account") with the bank named below (the "Bank") for all amounts due under the referenced Equipment Finance Agreement (the "EFA"), including without limitation, the Total Initial Payment shown on page 1 of the EFA and all Payments, late fees, taxes, non-sufficient funds charges, reimbursements and other amounts due under the EFA. Borrower further authorizes Lender or any such designee to deliver a copy of this Addendum to the Bank as evidence of Borrower's authorization.  Borrower reaffirms the account is a commercial account in the name of the Borrower.

Business Name  Center for Alternative Medicine

Bank Name:   ENT                                          Phone:

Commercial Checking Account Number:    1000604699100

Transit / ABA Number (lower left corner of check, 9 digits):   307070005

This authority is to remain in full force and effect until Lender and the Bank have received written notification from Borrower of its termination in such time and in such manner as to afford Lender and the Bank a reasonable opportunity to action it, it expressly being understood that a minimum of 15 business days is required. Borrower represents, warrants, covenants and agrees that, until all of its obligations under the EFA are satisfied in full: (a) the account identified by account name, account number and bank name and address that is shown on the face of the voided check that Borrower provides to Lender by attaching to this Addendum is the Account set forth above; (b) Borrower will maintain the Account in good standing with the Bank throughout the term of the EFA, except as provided herein; and (d) Lender or its designee may at any time and from time to time, issue a pre-notification to the Bank with respect to such Account.

### TOTAL INITIAL PAYMENT

Borrower agrees to pay and authorizes Lessor to debit the Account for the "Total Initial Payment ("TIP") shown in the Schedule of Payments on Page 1 of the EFA immediately upon execution of the EFA and this Agreement by Borrower, whether or not prior to EFA commencement, delivery or acceptance of the equipment or funding by Lessor. If the TIP should paid to Lessor by Borrower's check for any reason, Lessor may in its sole discretion cancel the EFA and have no obligations under or with respect to the EFA. Borrower confirms that the Account is a commercial account in the name of the Borrower and contains ample funds to pay the TIP on the date Borrower executes this Agreement.

### CERTIFICATION OF BORROWER OWNERSHIP AND AUTHORIZATION

IMPORTANT: DO NOT SIGN AGREEMENT UNTIL THIS SECTION IS FILLED OUT. YOU (THE SIGNER, PERSONALLY AS WELL AS THE BORROWER) ARE RESPONSIBLE FOR THE CORRECTNESS OF THIS SECTION.

The person signing this agreement individually and in his/her capacity as an officer/owner of the Borrower and/or the Guarantor represents and warrants that (1) this agreement is duly executed and the equipment financed under this agreement will be used in the ordinary course of the business of the Borrower; (2) he/she has the legal right, power and authority to sign this agreement with all necessary authority from the managing member(s), directors, senior officers or other management of the Borrower and/or Guarantor and their shareholders, members, partners or other owners; (3) the following is a complete list of the owners of the Borrower and (4) the transaction is to the direct financial benefit of any Guarantor and good consideration for this guaranty:

| Name | Ownership % | Name | Ownership % |
|---|---|---|---|
| Theodore Davis | 100 | | |
| | | | |

### AUTHORIZATION

If this Addendum is executed by Borrower and thereafter sent to Lender by facsimile transmission, then such facsimile transmission shall, upon acceptance and execution by Lender in its offices, be admissible for all purposes as an original Addendum. Borrower agrees to promptly forward to Lender this Addendum with Borrower's manual signature thereon.  DO NOT SIGN THIS SCHEDULE UNLESS YOU UNDERSTAND AND AGREE TO ALL OF ITS TERMS AND CONDITIONS.

| BORROWER: | LENDER: |
|---|---|
| Center for Alternative Medicine, PLLC | Tandem Finance Inc |
| *Theodore Davis* | *Wayne Woolley* |
| Authorized Signer on behalf of Borrower and Guarantor | Authorized Signer |
| Theodore Davis | Wayne Woolley |
| Print Name | Print Name |
| Member                         12/9/2021 | COO                         12/13/2021 |
| Title                          Date | Title                          Date |

V20201202

Contract #: 375198

## Schedule B

Date: 3/17/2020

Borrower: Center for Alternative Medicine, PLLC
Lender: Tandem Finance Inc

This addendum is made part of the lease agreement dated  between Lender and Borrower.  In consideration of the receipt by each party of good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party, the parties agree that whereas the Borrower desires to make the following changes to the above-mentioned lease agreement:

Contact Payments (1-6)                   $99.00          Periodic Payment (Payments 7-66)          $1,856.88

## TERMS AND CONDITIONS

The Borrower hereby agrees to this change.  All other terms and conditions of the Agreement remain in full force and effect.

If this document is executed by you and thereafter sent to us by facsimile transmission, then until such time as we have received this addendum with your manual signature thereon, such facsimile transmission shall constitute, upon acceptance and execution by us in our offices, the original addendum and chattel paper and shall be admissible for all purposes as the original lease agreement.  You agree to promptly forward to us the addendum with your manual signature thereon and upon receipt by us, this addendum with your manual signature thereon shall constitute the chattel paper in lieu of such facsimile transmission.

## AUTHORIZATION



BORROWER: Center for Alternative Medicine, PLLC          LENDER: Tandem Finance Inc

*Theodore Davis*                                          *Wayne Woolley, COO*
Authorized Signor                                        Authorized Signor

Theodore Davis                                           Wayne Woolley, COO
Print Name                                               Print Name

Managing member                    3/17/2020             COO                         3/19/2020
Title                              Date                  Title                       Date

COPY

V190208

## ASSIGNMENT OF EFA

**Contract #** 388254

**Borrower:** Center for Alternative Medicine, PLLC

**Financed Equipment:** See Schedule "A" of the assigned EFA.

## TERMS AND CONDITIONS

FOR VALUE RECEIVED, Tandem Finance Inc., (Assignor), the receipt and sufficiency of which Assignor acknowledges, does hereby sell, assign and transfer to **PAWNEE LEASING CORPORATION**, (Assignee) its successors and assigns, the annexed equipment finance agreement (the "EFA"), any collateral agreement, any additional collateral in the form of stocks, bonds, certificates of deposit, any other agreement related to the EFA and the UCC-1 between Assignor, as lender, and the borrower identified above, together with all of Assignor's rights, title and interest, and all ancillary rights in and to the equipment described therein, and all of the Assignor's rights and remedies thereunder, including, but not limited to, the right to collect any and all payments due and to become due thereon, the right to perfect any additional collateral or collateral agreement, and all monies due or to become due in connection with the exercise by the lessee of any option, if any, to purchase the equipment, and further including the right in Assignee's name to take all proceedings, legal, equitable or other, that Assignor might take, save for this assignment. The equipment in the assigned EFA is new unless otherwise disclosed and the consideration paid by Assignee does not include any service or other item of value that has not been disclosed on the EFA or the invoice provided to Assignor. To the best of Assignor's knowledge all parties to the EFA were competent at the time of execution, there is no undisclosed agreement, concession or litigation of any nature affecting the EFA, and there are no valid defenses in law or equity to the EFA as it exists in the hands of the Assignee after this assignment. Assignor has full and perfect title to convey the EFA and equipment free of any encumbrance, lien, or any other interest of third parties, the equipment which is the subject of the EFA has been shipped and installed in accordance with the EFA and on the dates specified, no condition exists that would permit the lessee to not pay the EFA payments in full and the Assignor is authorized to do business in the state of lessee's location. Assignor has provided Assignee all information about the lessee, the equipment, the credit investigation, and the vendor that is known to Assignor. The terms and conditions of the EFA agreement shall survive this Assignment. The terms of this Assignment shall be binding upon the heirs and successors of the parties.

I hereby assign to Pawnee Leasing Corporation, my purchase money security interest and any other rights in the equipment described in the EFA. If we have made any payments to the vendor for the equipment (and not to the Borrower named above), I represent that I have made this payment, on behalf of Pawnee and as its agent for this purpose only, and I request reimbursement for such payment.

If this Assignment is executed by Assignor and thereafter sent to Assignee by facsimile transmission, then until such time as Assignee receives this Assignment with Assignor's manual signature thereon, such facsimile transmission shall constitute, upon signature by Assignee and designation as "Original" the original Assignment and chattel paper and shall be admissible for all purposes as the original Assignment. Assignor agrees to promptly forward to Assignee the manually-signed Assignment and upon receipt by us the manually-signed Assignment shall constitute the chattel paper in lieu of such facsimile transmission.

This Assignment has been made in and shall be construed in accordance with the laws of the State of Colorado. Any suits or actions for breach or enforcement of this Assignment shall be instituted and maintained in the state or federal courts sitting in Larimer County, State of Colorado and Assignor submits to the jurisdiction of such courts and waives any object to such jurisdiction and venue.

## AUTHORIZATION

ASSIGNOR:

Authorized Signer

Wayne Woolley, COO
Print Name,Title                                    12/13/21
                                                    Date

Tandem Finance Inc.
Company



EXHIBIT
F

# iLien Cover Page

Date Printed:  12/14/2021

Debtor:
Center for Alternative Medicine, PLLC
2505 Kachina Dr
Pueblo, CO  81008

lease num:  388254
REF2:  Tandem Finance
REF3:  lmcgee
REF4:
Ref5:
Ref6:
Ref7:
Law Firm Bill Code:

iLien File #:  81296000
Order Confirmation #:  83915693

UserID:  285755
UserName:  AMARILYS CASTRO DELOZIER
Number of Collateral Pages Attached:  1

Transaction Type:  Original
Jurisdiction:  CO, Secretary of State

Mail Address (Please send attachments to):
CT Lien Solutions
330 N. Brand Blvd Suite 700
Glendale, CA 91203
FAX: 818-662-4141



EXHIBIT

6

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

Lien Solutions
Representation of filing

**This filing is Completed**
File Number : 20212123106
File Date   : 14-Dec-2021

**A. NAME & PHONE OF CONTACT AT FILER** (optional)
Name: Wolters Kluwer Lien Solutions Phone: 800-331-3282 Fax: 818-662-4141

**B. E-MAIL CONTACT AT FILER** (optional)
uccfilingreturn@wolterskluwer.com

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)

Lien Solutions              83915693

P.O. Box 29071              COCO
Glendale, CA  91209-9071

File with: Secretary of State, CO

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Center for Alternative Medicine, PLLC | | | |

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2505 Kachina Dr | Pueblo | CO | 81008 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| C T CORPORATION SYSTEM, AS REPRESENTATIVE | | | |

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 330 N Brand Blvd, Suite 700; Attn: SPRS | Glendale | CA | 91203 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
This filing covers the following properties, assets and rights of Debtor, whether now owned or hereafter acquired (collectively the "Collateral"): (a) all personal property described below or on any exhibit attached hereto, which exhibit is incorporated by reference herein ("Specified Items"); (b) any and all additions, replacements, parts, or accessories to the Specified Items; (c) any rental, chattel paper, accounts, security deposits, relating to the Specified Items or the Agreement; and (d) all proceeds of any and all of the foregoing. In the event serial numbers, vehicle identification numbers or similar information is included below, on an exhibit attached hereto or otherwise in the description of Collateral, such information has been added by Secured Party to the best of its information in an effort to avoid confusion but is not intended to, and shall not, limit the above description of Collateral.

Collateral Equipment Exhibit attached

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION** (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
83915693

Prepared by Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282

**FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)**

**EFA Schedule "A"**

| Quantity | Equipment Description | Serial # | Supplier Name and Contact |
|---|---|---|---|
| | EQUIPMENT | | |
| 1 | EMsculpt NEO with Small RF+HIFEM applicators | | BTL Industries, Inc |
| 1 | EXILIS ULTRA System | | |
| | | | 362 Elm Street |
| | | | |
| | | | Marlborough, MA 01752 |
| | | | 866-285-1656 |

# Payment History
11/10/2023

| | |
|---|---|
| Contract ID | 388254 |
| Customer Name: | CENTER FOR ALTERNATIVE MEDICIN |
| Address: | 2505 Kachina Dr |
| | Pueblo, CO 81008-1573 |
| Start Date: | 12/1/2021 |
| Term: | 63 |
| Uninvoiced Rent | $223,209.60 |
| Excluding Tax | |

| Date | Description | Amount Financed Change | Invoice # | Due Date | Original Amount Due | Date Paid | Payment Method | Reference # | Amount Paid |
|---|---|---|---|---|---|---|---|---|---|
| 3/25/2022 | ALI Insurance | | 1008247 | 3/25/2022 | $351.88 | 3/25/2022 | Conversion | 032653 | $351.88 |
| 4/1/2022 | Payment | | 493931 | 4/1/2022 | $5,580.24 | 4/1/2022 | Check | ACH040153 | $5,580.24 |
| 4/25/2022 | ALI Insurance | | 1011888 | 4/25/2022 | $351.88 | 4/25/2022 | Conversion | 042653 | $351.88 |
| 5/2/2022 | Payment | | 493932 | 5/1/2022 | $5,580.24 | 5/2/2022 | Check | ACH050253 | $5,580.24 |
| 5/25/2022 | ALI Insurance | | 789600 | 5/25/2022 | $351.88 | 5/25/2022 | Conversion | 052653 | $351.88 |
| 6/1/2022 | Payment | | 493933 | 6/1/2022 | $5,580.24 | 6/1/2022 | Check | ACH060153 | $5,580.24 |
| 6/27/2022 | ALI Insurance | | 789197 | 6/25/2022 | $351.88 | 6/27/2022 | Conversion | 062753 | $351.88 |
| 7/1/2022 | Payment | | 493934 | 7/1/2022 | $5,580.24 | 7/1/2022 | Check | ACH070153 | $5,580.24 |
| 7/25/2022 | ALI Insurance | | 792667 | 7/25/2022 | $351.88 | 7/25/2022 | Check | 072653 | $351.88 |
| 8/1/2022 | Payment | | 493535 | 8/1/2022 | $5,580.24 | 8/1/2022 | Check | ACH080153 | $5,580.24 |
| 8/25/2022 | ALI Insurance | | 796245 | 8/25/2022 | $351.88 | 8/25/2022 | Conversion | 082547 | $351.88 |
| 9/1/2022 | Payment | | 493536 | 9/1/2022 | $5,580.24 | 9/1/2022 | Check | ACH090147 | $5,580.24 |
| 9/25/2022 | ALI Insurance | | 800966 | 9/25/2022 | $351.88 | 9/26/2022 | Conversion | 092547 | $351.88 |
| 10/3/2022 | Payment | | 493537 | 10/1/2022 | $5,580.24 | 10/3/2022 | Check | ACH100347 | $5,580.24 |
| 10/25/2022 | ALI Insurance | | 696073 | 10/25/2022 | $351.88 | 10/25/2022 | Conversion | 102547 | $351.88 |
| 11/1/2022 | Payment | | 493538 | 11/1/2022 | $5,580.24 | 11/1/2022 | Check | ACH110147 | $5,580.24 |
| 11/28/2022 | ALI Insurance | | 1042376 | 11/25/2022 | $351.88 | 11/28/2022 | Conversion | 112847 | $351.88 |
| 12/1/2022 | Payment | | 493539 | 12/1/2022 | $5,580.24 | 12/1/2022 | Conversion | ACH120147 | $5,580.24 |
| 12/27/2022 | ALI Insurance | | 696921 | 12/25/2022 | $351.88 | 12/27/2022 | Conversion | 122747 | $351.88 |
| 1/3/2023 | Payment | | 493540 | 1/1/2023 | $5,580.24 | 1/3/2023 | Check | ACH010347 | $5,580.24 |
| 1/25/2023 | ALI Insurance | | 814812 | 1/25/2023 | $351.88 | 1/25/2023 | Conversion | 012547 | $351.88 |
| 2/1/2023 | Payment | | 493541 | 2/1/2023 | $5,580.24 | 2/1/2023 | Check | ACH020147 | $5,580.24 |



EXHIBIT
1t
Debtors

# Payment History
11/10/2023

| | | | | | | |
|---|---|---|---|---|---|---|
| 2/27/2023 | ALL Insurance | 824236 | 2/26/2023 | $351.88 | 2/27/2023 | Conversion | 022747 | $351.88 |
| 3/1/2023 | Payment | 488542 | 3/1/2023 | $5,580.24 | 3/1/2023 | Check | ACH030147 | $5,580.24 |
| 3/27/2023 | ALL Insurance | 947615 | 3/25/2023 | $351.88 | 3/27/2023 | Conversion | 032747 | $351.88 |
| 4/3/2023 | Payment | 493543 | 4/1/2023 | $5,580.24 | 4/3/2023 | Check | ACH040347 | $5,580.24 |
| 4/3/2023 | Payment | 493543 | 4/1/2023 | $5,580.24 | 4/3/2023 | Check | ACH040347 | ($5,580.24) |

$71 722.32

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| CENTER FOR ALTERNATIVE | ) Case No. 23-12482-JGR |
| MEDICINE, PLLC, | ) Chapter 11 |
| ( | ) |
| | ) (Subchapter V) |
| Debtor. | ) |
| | ) |
| PAWNEE LEASING CORPORATION, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| CENTER FOR ALTERNATIVE | ) |
| MEDICINE, PLLC, | ) |
| | ) |
| Respondent. | ) |

---

**NOTICE OF HEARING**

---

**OBJECTION DEADLINE:  December 5, 2023**

YOU ARE HEREBY NOTIFIED that a Motion for Relief from Stay has been filed, a copy of which is attached hereto.

A hearing on the motion has been set for **Tuesday, December 12, 2023, at 1:00 a.m.,** at the U.S. Customs Courthouse located at 721 19th Street, **Courtroom B,** Denver, Colorado. The hearing will be conducted in accordance with the provisions of L.B.R. 4001-1.

IF YOU DESIRE TO OPPOSE THIS MOTION, you must file with this court a WRITTEN OBJECTION to the motion on or before the objection deadline stated above and serve a copy upon Movant's attorney, whose address is listed below.

If you file an objection, you are REQUIRED to comply with L.B.R. 4001-1 regarding hearing procedures, including (1) the timely submission and exchange of witness lists and exhibits and (2) attendance at the above-scheduled hearing in person or through counsel, if represented.

**IF YOU FAIL TO FILE AN OBJECTION,** and the scheduled hearing will be **vacated,** an order granting the relief requested may be granted without further notice to you.

DATED at Denver, Colorado, this **13** day of November, 2023.

Respectfully submitted,

HARRY L. SIMON, P.C.

By: _____

Harry L. Simon (No. 7942)
Attorneys for Pawnee Leasing Corporation
10200 East Girard Avenue
Building B, Suite 120
Denver, Colorado 80224
(303) 758-6601

2

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| CENTER FOR ALTERNATIVE | ) Case No. 23-12482-JGR |
| MEDICINE, PLLC, | ) Chapter 11 |
| | ) |
| | ) (Subchapter V) |
| Debtor. | ) |
| | ) |
| PAWNEE LEASING CORPORATION, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| CENTER FOR ALTERNATIVE | ) |
| MEDICINE, PLLC, | ) |
| | ) |
| Respondent. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of November, 2023, a true and correct copy of the foregoing Notice of Hearing and Motion for Relief From Automatic Stay were hereby placed in the United States mail, postage prepaid and addressed as follows:

Center for Alternative Medicine, PLLC
2505 Kachina Drive
Pueblo, CO 80211

Joshua Brooks Sheade, Esq.
Sheade Law Office, LLC
4126 Shoshone St.
Denver, CO  80211

Mark David Dennis
Chapter 11 Trustee
SL Biggs, a Division of SingerLewak LLP
2000 S. Colorado Blvd., Tower 2
Suite 200
Denver, CO 80222

US Bankruptcy Court
US Custom House
721 19th St.
Denver, CO 80202

HARRY L. SIMON, P.C.

By: /s/ *Harry L. Simon*
Harry L. Simon (No. 7942)
Attorneys for Pawnee Leasing Corporation
10200 East Girard Avenue, Building B, Suite 120
Denver, Colorado  80224
(303) 758-6601