# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE:<br><br>CENTER FOR ALTERNATIVE MEDICINE, PLLC<br><br>Debtor. | Case No. 23-12482-JGR<br><br>Chapter 11<br>(Subchapter V) |

## ORDER CONFIRMING MODIFIED THIRD AMENDED PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER SUBCHAPTER V OF CHAPTER 11 DATED FEBRUARY 20, 2024

On March 28, 2024, the United States Bankruptcy Court for the District of Colorado ("Court") convened a hearing on confirmation ("Confirmation Hearing") of the *Third Amended Plan of Reorganization for Small Business Under Subchapter V of Chapter 11 Dated February 20, 2024* [Dkt. No. 156 ("Third Amended Plan")][1] filed by Center for Alternative Medicine, PLLC ("Debtor"), as modified on March 22, 2024. Dkt. Nos. 163-64 ("Modified Amended Plan").[2]

Having (1) reviewed the Plan, *Certificate of Service of Voting Solicitation Materials Pursuant to FED.R.BANKR.P. 2002, 9013 and L.B.R. 9013-1* filed on February 23, 2024 [Dkt. No. 158], *Amended Report of Ballot Tabulations, Voting Results and Objections to [Third Amended Plan]* filed on March 26, 2024 [Dkt. No. 168], and *Declaration of Theodore W. Davis in Lieu of Direct Testimony for Hearing on Confirmation of [the Plan]* proffered on March 26, 2024 [Dkt. No. 169 ("Declaration")]; (2) conducted the Confirmation Hearing; (3) heard and considered the statements, representations, and proffers made at the Confirmation Hearing; (4) reviewed the docket for the Case; and (5) being otherwise sufficiently advised in the premises; the Court hereby

**FINDS** that, based on statements and representations made at the Confirmation Hearing together with the proffers in the Declaration, the Plan meets the requirements for confirmation under 11 U.S.C. §§ 1129(a) and 1191(a). Therefore, the Court hereby

**ORDERS** as follows**:**

1. The modifications within the Modified Amended Plan, as incorporated into the Third Amended Plan, are hereby **APPROVED** and made an integral part of the Plan; and the Plan is hereby **CONFIRMED** pursuant to 11 U.S.C. §§ 1129(a) and 1191(a), as applicable.

2. This Order constitutes a Final Order of the Court that shall be effective immediately upon entry to which the period for filing an appeal shall commence upon entry hereof.

---

[1] Unless expressly stated otherwise, Title 11 of the United States Code shall be cited as "11 U.S.C. § __;" Federal Rules of Bankruptcy Procedure as "FED.R.BANKR.P. __;" Local Bankruptcy Rules as "L.B.R. __;" and entries upon the docket for the above-captioned bankruptcy case as "Dkt. No. __."

[2] Hereinafter, the Modified Amended Plan together with Exhibit(s) 1 through 8 attached to the Third Amended Plan and incorporated by reference therein shall be collectively referred to as "the Plan."

3. The terms of the Plan and this Order shall be, and hereby are, binding upon the Debtor, Claimants, and all interested parties. Therefore, all Claimants and interested parties are hereby enjoined from bringing any action or pursuing any attempts to collect from Assets of the Debtor, except as expressly provided by the Plan.

4. Upon entry of this Order, the Debtor shall be authorized and directed to implement the terms of the Plan and perform such other acts as required by the Plan; and subject to the terms of the Plan and this Order, all prior orders of this Court entered in this Case, all documents and agreements executed by the Debtor as authorized and directed thereunder, and all motions or requests for relief by the Debtor pending before the Court as of the Effective Date shall be and hereby are binding on, shall inure to the benefit of, and be enforceable by the Debtor, pursuant to 11 U.S.C. §§ 1123(a) and 1142(a).

5. Except as expressly provided by the Plan to the contrary, the Debtor shall be discharged of all debts that arose prior to entry of this Order on the Effective Date to the extent allowed under 11 U.S.C. §§ 1141 and 1191(a).

6. Pursuant to 11 U.S.C. § 1183(c)(2), the Debtor shall file with the Court and serve upon the Subchapter V Trustee, the United States Trustee, and all parties-in-interest, notice of substantial consummation not later than fourteen (14) days after the Plan is "substantially consummated" as such term is defined under 11 U.S.C. §§ 1101(2)(A), (B), and (C).

7. **Deficiency Claims Bar Date:** Proofs of Claim arising from the Deficiency of an Allowed Secured Claim must be filed on or before **May 1, 2025**; and Holders of a Deficiency Claim shall refer to Section 7.1.1 of the Plan for more complete information.

8. **Rejection Claims Bar Date:** Proofs of Claim arising from the rejection of an executory contract or unexpired lease must be filed on or before **July 1, 2024**; and Holders of a Rejection Claim shall refer to Section 7.1.2 of the Plan for more complete information.

9. Except as expressly provided in the Plan to the contrary, the Court shall retain exclusive jurisdiction over the Debtor, Bankruptcy Case, and matters related thereto and/or arising thereunder to the fullest extent permitted under the Code and to the extent necessary to enforce the Plan; provided that nothing contained in the Plan or this Order shall be deemed to extend or expand post-confirmation jurisdiction of this Court beyond the jurisdiction specified by 28 U.S.C. §§ 157 and 1334.

DATED this ___28th___ day of _____March_____, 2024.

BY THE COURT:

_____
Honorable Joseph G. Rosania, Jr.
United States Bankruptcy Judge

2